UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIRK E. WEBSTER<br>*Plaintiff,*<br><br>v.<br><br>LLOYD J. AUSTIN, III, et. al.,<br>*Defendants.* | No. 1:24-cv-00636 |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF 15. Plaintiff, Kirk E. Webster, proceeding *pro se*, purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Federal Employees Compensation Act ("FECA"), and the Federal Employees' Retirement Act of 1986 relating to his employment at the National Geospatial Intelligence Agency ("NGA"). ECF 15-1 at 1. Before this case was transferred to the Eastern District of Virgina, Judge Messitte of the District of Maryland granted Defendants' Motion (ECF 15) as to Defendants' request to transfer the case to this Court but did not resolve their remaining arguments. ECF 24.

This is not the first time Plaintiff seeks to litigate claims relating to his employment at the NGA. *See Webster v. Carter, et al.*, Case No. 1:16-cv-02114-CRC (D.D.C.) ("*Webster I*"), ECF 1. Nor is it the second. *See Webster v. Esper*, Case No. 1:20-cv-9 (E.D.V.A.) ("*Webster II*"), ECF 1. But the third time is not the charm. For the reasons that follow, this Court will grant Defendants' motion and dismiss Plaintiff's claims.

I.  **BACKGROUND**[1]

A.  **Factual Background**

Plaintiff was an employee at the NGA for more than twenty years prior to his retirement in June 2012. ECF 14-1 (Proposed Amended Complaint) ("PAC") at ¶ 14. During his employment, Plaintiff filed more than 200 Equal Employment Opportunity ("EEO") claims. *Id.* at ¶ 18.

On November 17, 2010, Webster suffered a life-threatening stroke at NGA headquarters. *Id.* ¶ 12. Following his stroke, Webster claims he received no communication from NGA regarding his eligibility for benefits under the Federal Employees' Compensation Act ("FECA"). *Id.* at p. 2. Webster returned to work two weeks after the stroke, but six months later on or about June 17, 2011, NGA suspended his security clearance, rendering Webster unable to continue working at NGA. *Id.* at ¶¶ 12-15. Webster alleges that the suspension was in retaliation for his prior EEO activity and whistleblowing, but NGA claims that the "clearance was revoked because [he] filed for bankruptcy." *Id.* at pp. 2-3, ¶¶ 17, 26, 30. NGA then entered into a settlement agreement with Webster around June 1, 2012, approving him for a Volunteer Early Retirement Authority ("VERA") and Voluntary Separation Incentive Pay ("VSIP") in exchange for Webster releasing any and all claims that he had either asserted or could have asserted against the United States and its agencies. ECF 15-2 (Ex. 1, Settlement Agreement)[2] at 2-3; *see also* PAC at ¶ 23.

B.  **Procedural History**

Several years after the Settlement Agreement, Webster filed an EEO complaint on February 2, 2015, alleging discrimination by NGA based on reprisal. ECF 15-3 at 2 (Ex. 2, Final

---

[1] A robust recitation of the facts can be found in *Webster II*, 2020 WL 974415 (E.D.V.A. Feb. 28, 2020), but the most pertinent facts and procedural history are included herein. The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).
[2] The Court considers the Settlement Agreement and related Agency decisions as integral to the complaint.

2

Agency Decision). Webster alleged that the NGA had intentionally not informed him that he was entitled a Discontinued Service Retirement ("DSR"), which would have provided Webster more benefits than retiring under a VERA/VSIP (including an opportunity to return to federal service). *Id.* NGA's Office of Diversity Management and Equal Employment Opportunity dismissed the complaint, finding that the Webster's claims regarding discontinued retirement were barred by the terms of the 2012 Settlement Agreement. *Id.* at 3. The Equal Employment Opportunity Commission ("EEOC") affirmed the dismissal. ECF 15-1 at 5.

Following the EEOC's dismissal, Webster filed a lawsuit in the United States District Court for the District of Columbia challenging the validity of the 2012 Settlement Agreement. *Webster I*, ECF 1. After *Webster I* was transferred to the Eastern District of Virginia, the Magistrate Judge issued a report recommending that Webster's complaint be dismissed because the Settlement Agreement was properly executed and resolved any and all claims Webster had against NGA at the time it was executed. *Webster v. Mattis*, No. 1:17-cv-01384 (TSE/IDD), 2018 WL 1082848, at *1–2 (E.D. Va. Feb. 15, 2018). The District Judge adopted the Magistrate Judge's Report and Recommendation and dismissed *Webster I*. *See Webster v. Mattis*, No. 1:17-cv-01384 (TSE/IDD), 2018 WL 1071475, at *1–2 (E.D. Va. Feb. 27, 2018). And the Fourth Circuit affirmed. *Webster v. Mattis*, 731 Fed. App'x 214 (Mem) (4th Cir. July 17, 2018), *cert. denied.*, 139 S.Ct. 1239 (Feb. 19, 2019).

Undeterred, Plaintiff and his wife filed suit again in 2019, raising similar claims and some new ones relating to NGA's treatment of Plaintiff, including NGA's failure to process prior EEO complaints (of which Webster had filed over 200). ECF 15-1 at 3, 6; *Webster II*, 2020 WL 974415, at *2-3 (E.D. Va. Feb. 28, 2020). Again, the Court granted Defendants' motion to dismiss, noting that Webster's arguments were "precluded by the 2012 Settlement Agreement and precluded by

3

the doctrine of collateral estoppel because of *Webster I*." *Webster II*, 2020 WL 974415, at *7, n.11 (E.D. Va. Feb. 28, 2020). And again, the Fourth Circuit affirmed. *Webster v. Austin*, No. 20-1488, 2021 WL 4596235 (4th Cir. Oct. 1, 2021).

Then in April 2022, Plaintiff filed yet another EEO Complaint, alleging that NGA retaliated against him for his prior EEO activity when they "(1) misused or improperly disclosed information relating to Webster's EEO activity to other federal agencies, causing Webster's son to miss out on a job with the CIA; (2) improperly disclosed Webster's EEO activity and information to LexisNexis; [and] (3) retaliated against him in 2009 when he was asked to provide copies of his children's birth certificates in connection with his security clearance reinvestigation." ECF 15-1 at 21. NGA issued a Final Administrative Decision dismissing Webster's complaint in its entirety and the EEOC affirmed. ECF 15-1 at 7, 9.

And finally, in June 2023, Plaintiff filed the instant complaint. ECF 1. In Webster's Amended Complaint[3] he purports to assert that NGA violated his rights under (1) FECA by intentionally remaining silent on benefits he was entitled to; (2) 5 U.S.C. 8461(g) of the Federal Employee's Retirement Act of 1986 by taking away his rights to a DSR; and (3) Title VII by denying him FECA benefits, violating his Family and Medical Leave Act ("FMLA") rights at some point before 2005,[4] and revoking his security clearance in retaliation for his prior EEO activity. PAC at ¶¶ 1-5.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule

---

[3] Because Webster was free to amend his Complaint as of right and Defendants treated the PAC as operative, *see* ECF 15-1 at 9, n.1, the Court will do so as well.
[4] Plaintiff alleges that NGA violated his FMLA rights when they refused to let him visit his dying mother at some point prior to 2005. *See* PAC at p. 5

4

12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

The Court may properly consider documents attached to a motion to dismiss "when the document is 'integral to and explicitly relied on in the complaint,' and when 'the plaintiffs do not challenge [the document's] authenticity.'" *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). A document is integral to a complaint when "its very existence, and *not the mere information it contains*, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis in original; internal citations and quotations omitted).

### III.   ANALYSIS[5]

The Court finds that Plaintiff has failed to state a claim under (1) FECA, (2) The Federal Employee's Retirement Act of 1986; or (3) Title VII.

First, Plaintiff's FECA claim is barred by FECA's three-year statute of limitations, given that Plaintiff alleges he suffered his stroke in 2010.[6] *See* 5 U.S.C. § 8122(a) ("An original claim for compensation for disability or death must be filed within 3 years after the injury or death.");

---

[5] In considering Defendant's Motion to Dismiss, the Court has properly considered the three exhibits attached to Defendant's Motion, because they are integral to the complaint. *See* ECF 15-2, 15-3, and 15-4. *See, e.g.*, *Prosa v. Austin*, Civ. A. No. ELH-20-3015, 2022 WL 394465, at *14 (D. Md. Feb. 8, 2022) (considering various EEO documents, including a final agency decision, on a Rule 12(b)(6) motion because the documents were "referenced in the Complaint or otherwise integral to plaintiff's claim"). The Court has therefore not converted the proceeding to one for summary judgment.

[6] "Where the allegations in the complaint reveal that an action is untimely under the governing statute or statutes of limitations, dismissal under Rule 12(b)(6) is proper." *King v. Ameriquest Mortg. Co.*, No. 8:09-cv-00977, 2009 WL 3681688, at *1 (D. Md. Oct. 30, 2009).

*accord McCluskey v. United States*, No. 10–694, 2010 WL 4024717, at *5 (W.D. Pa. Oct. 12, 2010) (noting that the "FECA statute of limitations, 5 U.S.C. § 8122 is three years").

Second, Plaintiff's claims relating to the denial of a DSR are *res judicata* because he raised this exact issue in *Webster I*, which the Court in *Webster II* acknowledged. *See Webster II*, 2020 WL 974415, *7 n.11; *see also Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").

Third, Plaintiff has failed to state a claim under Title VII because he has failed to exhaust his administrative remedies for the claims asserted in his amended complaint.[7] "It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *See Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). Yet Plaintiff's Title VII allegations are unrelated to those he attempted to raise in 2022 EEO complaint.[8] Accordingly, they have not been properly exhausted. And even if they were, they would be barred by the Settlement Agreement and *res judicata* by virtue of the decisions in *Webster I* and *Webster II*.

---

[7] Exhaustion under Title VII is not jurisdictional but instead is a "claim-processing rule [] that must be timely raised to come into play." *Yampierre v. Baltimore Police Dept.*, 2022 WL 3577268, at *20 (D. Md. Aug. 18, 2022) (quoting *Fort Bend County v. Davis*, 587 U.S. 541, 544 (2019)). "Although a defendant may waive arguments related to administrative exhaustion, if asserted in a timely fashion such objections may warrant dismissal under Rule 12(b)(6)." *Id*.

[8] "[T]he Title VII retaliation claims that Webster purports to assert in the Amended Complaint, *i.e.*, those relating to the denial of his FECA benefits or a DSR, the violation of his FMLA rights at some point prior to 2005, and the revocation of his security clearance, are not reasonably related to those raised in his 2022 EEO Complaint." ECF 15-1 at 19. And vice versa: the allegations from Webster's 2022 EEO formal complaint are nowhere in his Amended Complaint.

## IV.  CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Defendant's Motion to Dismiss (ECF 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** with prejudice.

The Clerk is directed to close this civil Action.

**It is SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

September 27, 2024
Alexandria, Virginia